HENRY BAILEY v. GREEN B. CHEATHAM ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—351.]

**Conveyance to Defraud Creditors.**

A vendor may act with a fraudulent intent and the vendee be entirely innocent of any fraudulent purpose, but when the vendor is insolvent and his condition well known by the vendee who accepts a conveyance of practically all of the vendor's real estate, the deed reciting that the consideration was paid in a sum more than double the indebtedness owing to the vendee, and the vendee does not place his deed on record for many months nor until the vendor makes an assignment and agrees with the vendee to hold the title as a mortgage and trust for the vendor, fraud on the part of both the vendor and vendee is shown and the chancellor's judgment so deciding will not be interfered with.

**Recitals in a Deed or Mortgage as Affecting Fraud of Vendee.**

The fact that a mortgage or deed reciting a consideration from mortgagor to mortgagee, or from vendor to vendee, at a greater sum than is really due, shows a concurrence of the mortgagee or vendee in the fraudulent intent of the mortgagor or vendor.

APPEAL FROM NICHOLAS CIRCUIT COURT.

October 19, 1882.

OPINION BY JUDGE PRYOR:

The amended petition filed by the appellees charges actual fraud on the appellant and for that reason his claim was postponed to the claims of the other creditors. The execution by the debtor, Cheatham, of an absolute conveyance to the appellant for a consideration expressed to have been paid when the recital was false, while not conclusive, is certainly strong evidence of fraud, and when considered in connection with the other facts and circumstances presented by the record there is but little doubt left as to the propriety of the judgment below.

The appellant had been furnishing the debtor with moneys and in other ways aiding him in running his distillery and is presumed to have known what his pecuniary condition was. He certainly had a better knowledge of the personal condition of Cheatham than any of the parties to this record, and it is a little remarkable that when the debtor is about to fail, for the first time in their business transactions, the appellant deems it advisable to take from the debtor not only a mortgage to secure what he was about to advance him, but an absolute deed for a consideration, nearly double the amount he really owed him. This conveyance he kept in his pocket for months and then placed it on record when, upon its face, if a *bona fide* transaction, it was just and proper, and if not it was a fraud upon creditors. The appellant says he believed the debtor was amply able to pay his debts and if so the stronger reason for not accepting a deed absolute on its face when it was intended only as a mortgage and to secure a fictitious liability or the payment of a large sum of money for which the debtor had received no consideration. The debtor was then insolvent and had been for years and not long after the conveyance made an assignment for the benefit of creditors. The debtor says the reason the conveyance was not placed on record at the time it was made, was for fear of alarming creditors, and he so stated to the appellant. The latter says it was to save the payment of costs in recording the mortgage, etc. The latter reason we think is not at all satisfactory with a man of business habits who is about to invest or loan money and secure it by mortgage. The appellant may have supposed that

his debtor would pay him before even the deed could be placed on record, still the facts of the case are inconsistent with any other idea than that this conveyance was intended to mislead creditors. The debtor says by the arrangement between the two when appellant sold the land and paid his debt, he (the debtor) was to have the balance of the money. The debtor has not evinced by his testimony any partiality for those of his creditors who are attacking the conveyance and while the appellant may have been innocently led into this transaction, the circumstances connected with the case must necessarily lead to the conclusion reached by the chancellor below. The parties were intimate in their business relations. The debtor was insolvent, and the creditor accepted a conveyance from him absolute on its face of all his real estate, and for a consideration expressed upon the face of the deed as paid, and for twice the amount the debtor really owed. A vendor may act with a fraudulent intent and the vendee be entirely innocent of any fraudulent purpose, but this case is not within such a rule. In the case of *Thompson v. Drake's Heirs,* 3 B. Mon. (Ky.) 565, it was held that the fact of the mortgage reciting a consideration from mortgagor to mortgagee at a greater amount than is really due shows a concurrence of the mortgagee in the fraudulent intent of the mortgagor. This is a much stronger case, for here an absolute conveyance is made, and a secret trust created by the parties by which the creditors are induced to believe that the appellant had actually paid more for the property than it was really worth; that he had made a purchase in good faith for $7,000 when it was only a mortgage to secure three or four thousand dollars. Such a conveyance was not only calculated to deceive creditors but was intended for that purpose. Upon the facts of this record, if the debtor had instituted his action to enforce the secret trust, equity would have given no relief, or if the appellant had instituted his action to recover the land from the debtor having his right of recovery in the conveyance he could have recovered, as the chancellor would have declined to give relief to a fraudulent grantor. *Wright v. Wright,* 2 Lit. (Ky.) 8.

While the appellant says he acted in the best of faith, the testimony of Cheatham, the debtor, and the character of the transaction and the insolvent condition of Cheatham at the time must control this judgment. During the progress of this case and after answer filed by the appellant it seems that in a different action

pending in the same court a part of this land, 29 acres, was sold and purchased by the appellant, Bailey, the sale having been made to enforce a lien. The lien was discharged by Bailey under his purchase and a conveyance made to him by the commissioner. This fact afterwards appeared in an amended answer filed by the appellant and before a sale was made of the tract of land in the present case. The court below disregarded the purchase made by Bailey of a part of this land in controversy which we think conferred upon him a good title to the extent of that purchase, and directed the entire tract to be sold, and one Hurley purchased it. The report of sale was made and confirmed without objection. The purchaser is not before the court on this appeal, and if he was, as there was no exception to the report of sale, he would hold the land. It also appears that in the distribution of the proceeds of sale the appellant was given the value of the land purchased by him and the remaining sum distributed. This is all the relief this court could give him if the case went back. There is no assignment of error in regard to the rents or the amount the appellant was required to pay by reason of the use of the land.

The judgment below is therefore *affirmed*.

Judge Hargis not sitting.

*Ross & Kennedy, T. T. Forman, for appellant.*

*Reid & Stone, Thos. F. Hargis, for appellees.*